IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CALEB MCKEE,**
*Individually, and on behalf of himself and others similarly situated,*

  Plaintiff,

  v.                                              No._____

**TAK COMMUNICATIONS, INC.**           **FLSA Collective Action**
and **CABLE TECHNOLOGY**               **JURY DEMANDED**
**COMMUNICATIONS, LLC,**

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Caleb McKee ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated as a class, files this Collective Action Complaint, alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq*, including collective claims for unpaid overtime and individual claims for unpaid minimum wages as follow:

### I.     INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against TAK Communications, Inc. and Cable Technology Communications, LLC ("Defendants") on behalf of Plaintiff, individually, and on behalf of himself and other similarly situated wire technicians as a class ("Class Members"), who were employed by Defendants during the three (3) years preceding the filing of this Complaint. Plaintiff and the class seek damages for unpaid training time, travel time,

1

meeting time, and overtime for those who have worked for Defendants as wire technicians at any time within the three (3) years preceding the filing of this lawsuit. The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

## II.   JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants have conducted business within this District during all relevant periods to this action. Moreover, Plaintiff has been employed by Defendants in this District during all times material to this action.

## III.   PARTIES

4. Defendant TAK Communications, Inc. is a South Dakota Corporation with its principal address at 4401 S. Technology Drive, Suite 3, Sioux Falls, South Dakota 57106-4249.

5. Defendant Cable Technology Communications, LLC is a Georgia Limited Liability Company with its principal address at 331 Rockridge Road NW, Suite 1200, Liburn, Georgia 30047.

6. Plaintiff McKee was employed by Defendants as a wire technician in this District during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff McKee's Consent to Join this collective action is attached hereto as *Exhibit A*.

7. Defendants jointly employed Plaintiff and Class Members.

## IV.   FACTUAL BACKGROUND

8. Defendant TAK Communications, Inc. is a national cable installation, construction and

       infrastructure firm serving the cable, broadband and telecommunications industry.

9. Defendant Cable Technology Communications, LLC installs and services broadband cable for Comcast and also offers installation and support of enterprise business solutions with services including voice, video, broadband, security, network services, in home technical support and repair services and digital signage.

10. Plaintiff McKee and Class Members were employed jointly by Defendants as wire technicians during the three (3) year period preceding the filing of this action.

11. Plaintiff and Class Members typically worked forty (40) or more hours per week for Defendants during all times material to this action.

12. Defendants have been the joint "employer" of Plaintiff and similarly situated wire technicians within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

13. At all times material to this action, Plaintiff and Class Members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

14. At all times material to this action, Defendants have been a joint enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA.

15. Plaintiff and Class Members also have engaged in commerce during the applicable statutory period.

16. At all times material to this action, Defendants have been enterprises engaged in commerce or in the production of goods for commerce as defined by Section 203 (s)(1) of the FLSA,

with annual revenues in excess of $500,000.00.

17. Defendants have been responsible for the implementation and administration of pay practices related to Plaintiff and Class Members.

18. Defendants have had a time keeping system in which Plaintiff and Class Members were required to "log-in" and "log-out" for the purpose of recording their compensable time during the three (3) year period preceding the filing of this Collective Action.

19. Plaintiff and Class Members have been subject to Defendants aforementioned timekeeping and compensation plans, policies, and practice during all times relevant to this action.

20. Defendants erroneously classified Plaintiff and Class Members as independent contractors.

21. Plaintiff and Class Members did not qualify as independent contractors but, instead, were employed jointly by Defendants and subject to the coverage of the FLSA for the following reasons which, upon information and belief, applied to other wire technicians who worked for Defendants during the past three (3) years:

    a) Defendant TAK Communications, Inc. disclosed to Plaintiff that it would obtain one (1) or more consumer reports or investigative pre-employment credit reports on Plaintiff (on a standard company form applicable to all similarly situated wire technician applicants) that reads in part, "We TAK Communications, Inc. will obtain one or more consumer reports or investigative consumer reports (or both) about you *for employment purposes*." (Emphasis added)

    b) Plaintiff signed a standard company form authorizing Defendant TAK Communications, Inc. to conduct background checks, etc. related to his employment.

    c) Plaintiff signed a standard company form on behalf of Defendant TAK

    Communications, Inc. in the acceptance of a company badge that reads in part: "I understand that upon my separation from the Contracting Company [TAK Communications, Inc.], I will return this badge to my immediate supervisor." The document listed one Steven Randall as Plaintiff's supervisor at TAK Communications, Inc.

d) Plaintiff was required to undergo a pre-employment drug test by Defendant TAK Communications, Inc. prior to beginning his employment which reads in part: "I agree to comply with the Company's Alcohol and Drug Policy, and understand that failure to comply is grounds for withdrawal of a conditional offer of employment and/or disciplinary or other adverse action, up to and including termination…"

e) Plaintiff was covered by Defendants' Workers Compensation insurance while working for Defendants.

f) Plaintiff filled out an *employment application* form for Defendant Cable Technology Communications, LLC prior to being employed and beginning work for Defendants.

g) Plaintiff reported to Defendant Cable Technology Communications, LLC's supervisor, Brandon Hayes. Supervisor Hayes would call or text Plaintiff up to six (6) times per day related to where, when, and how Plaintiff was to perform his work for Defendants. This went as far as texts requiring him to awake at 6 a.m. on certain mornings in order to be ready to attend a supervisor's meeting at 6:30 a.m. on such days.

h) Plaintiff was subject to and had to comply with each and every employment policy of the Defendants.

      i) Plaintiff had no opportunity to derive a profit or suffer a loss (other than unpaid wages as addressed in this lawsuit) while working for Defendants.

      j) Defendants and Plaintiff's relationship was that of an employer/employee relationship of a more permanency nature than that for a discreet period of time in the nature of an independent contractor relationship.

      k) Defendants were the beneficiaries of Plaintiff's work while employed by Defendants.

      l) The cable and internet equipment that Plaintiff installed for customers while employed by Defendants were supplied solely by Defendants.

      m) Plaintiff drove a van in relation to his work that was supplied by Defendants.

      n) Plaintiff, who worked as many as ten (10) hours per day -- Monday through Saturday -- of each work week for Defendants, was precluded and prevented from working for any other entity or person while employed by Defendants.

22. Defendants have had a common policy, plan, and practice of failing to pay Plaintiff and Class Members for the training time they spent in assisting with service calls and the installation of cable and internet equipment for Comcast customers while training for Defendants.

23. Plaintiff and Class Members engaged in such training time on behalf of Defendants, but Defendants failed to pay them the applicable FLSA overtime rates of pay for such training time within weekly pay periods during all times material to the Complaint.

24. Defendants have been aware that Plaintiff and Class Members were not being compensated at the applicable overtime rates of pay for their training time for Defendants within weekly pay periods during all times material to this action.

25. Defendants also have had a common policy, plan and practice of failing to pay Plaintiff and Class Members for travel time from one customer to another customer (related to service calls and installations on behalf of Defendants) during all times material to this Collective Action.

26. Plaintiff and Class Members engaged in travel between customers (related to service calls and installations on behalf of Defendants) several times each work day, often up to twenty (20) minutes or more each time, without being compensated for such travel time at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this lawsuit.

27. Defendants have been aware that Plaintiff and Class Members were not being compensated at the applicable FLSA overtime rates of pay for their travel time from one customer to another customer -- related to their service and installation work on behalf of Defendants.

28. Moreover, Defendants have had a common policy, plan, and practice of failing to pay Plaintiff and Class Members for work-related meetings, which attendance for such meetings was required of Plaintiff and Class Members.

29. Plaintiff and Class Members attended such mandatory meetings on behalf of Defendants, but Defendants failed to pay them the applicable FLSA overtime rates of pay for such meetings within weekly pay periods during all times material to the Complaint.

30. Defendants have been aware that Plaintiff and Class Members were not being compensated at the applicable overtime rates of pay for such meetings within weekly pay periods during all times material to this action.

31. In addition, Defendants have had a common policy, plan and practice of failing to pay Plaintiff and Class Members for hours worked in excess of forty (40) hours per week at the

applicable FLSA overtime rate of pay within weekly pay periods during all times material to this Complaint.

32. Plaintiff and Class Members performed work in excess of forty (40) hours per week within weekly pay periods during all times material to this lawsuit without being paid the applicable FLSA overtime rate of pay for such overtime work.

33. Consequently, Plaintiff and Class Members have not received one and one-half times their regular hourly rate of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this Collective Action.

34. Defendants have been aware that Plaintiff and Class Members were not receiving one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this action.

35. The aforementioned unpaid training, travel, meetings, and overtime claims of Plaintiff and Class Members are unified through common theories of Defendants' FLSA violations.

36. Defendants willfully and, with reckless disregard to the FLSA's established requirements, failed to compensate Plaintiff and Class Members at the applicable FLSA overtime rates of pay for the aforementioned unpaid training, travel, meetings, and overtime within weekly pay periods during all times material to this Complaint.

37. Defendants knew they were not compensating Plaintiff and Class Members for their compensable training, travel, meetings, and overtime at the applicable FLSA overtime rates of pay within weekly pay periods during all times material without a good faith basis for their failure.

38. Defendants failed to keep accurate time and pay records of Plaintiff and Class Members in violation of the FLSA.

39. The net effect of Defendants' common policy, plan and practice of failing to pay Plaintiff and Class Members at the applicable FLSA overtime rates of pay for the aforementioned training, travel, meetings, and overtime within weekly pay periods during all times material to this Collective Action, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

40. During Plaintiff's employment with Defendants, Plaintiff worked well in excess of forty (40) hours per week. However, Plaintiff was never compensated for *any hours* worked during this time.

41. Defendants have refused to pay Plaintiff any wages, both minimum wages and overtime, for the work he performed during his employment.

## V.     COLLECTIVE ACTION ALLEGATION

42. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated wire technicians against Defendants pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

43. The proposed collective class of similarly situated persons is defined as:

> All current and former wire technicians employed by Defendants who were not paid for all or part of their training, travel, meetings, and/or overtime at the applicable FLSA overtime rates of pay within weekly pay periods during the three (3) years preceding the filing of this action ("Class Members").

44. Plaintiff and Class Members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and Class Members for their compensable training, travel, meetings, and overtime at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

45. This action is properly maintained as a collective action because Plaintiff is similarly situated to Class Members with respect to Defendants' pay and compensation policies, plans and practices.

46. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

47. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e., to pursue his aforementioned unpaid training time, travel time, meetings time, and overtime claims against Defendants.

48. Counsel for Plaintiff will adequately protect his interests as well as the interests of all Class Members.

49. Defendants knew Plaintiff and Class Members performed training work, engaged in travel time (between customers), attended mandatory meetings, and worked in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid. Nonetheless, Defendants operated under a common policy, plan and practice to deprive Plaintiff and Class Members of such compensation.

50. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and Class Members.

51. Defendants did not have a good faith basis for their failure to compensate Plaintiff and Class Members for their training time, travel time, meetings time, and overtime hours of

work at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

52. Defendants failed to keep accurate time and pay records of Plaintiff and Class Members.

53. Therefore, Defendants are liable to Plaintiff and Class Members for failing to properly compensate them for the aforementioned unpaid training time, travel time, meetings time, and overtime hours of work within weekly pay periods during all times material.

54. The aforementioned unpaid training time, travel time, meetings time, and overtime claims of Plaintiff and Class Members are unified through common theories of Defendants' FLSA violations.

55. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid training time, travel time, meetings time, and overtime compensation, as well as liquidated damages, under the FLSA, and other relief requested herein.

56. Plaintiff estimates there are more than one-thousand (1000) members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice at Defendants' work place.

57. Plaintiff and Class Members' unpaid training time, travel time, meetings time, and overtime claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act- Collective Unpaid Overtime Claims)

58. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

59. At all relative times, Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

60. Defendants have been a joint "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and Class Members also have engaged in interstate commerce during all times material to this action.

61. Defendants employed Plaintiff and each Class Members under the coverage of the FLSA, during all times relevant to this Complaint.

62. At all relevant times, Plaintiff and Class Members were "employees" of Defendants within the meaning of the FLSA's minimum wage and overtime wage requirements.

63. Plaintiff and Class Members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

64. Defendants' common policy, plan and practice of failing to pay Plaintiff and Class Members for their training, travel, meetings, and overtime within weekly pay periods during all times material without compensating them at the applicable FLSA overtime rates of pay has violated the FLSA.

65. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

66. Defendants' actions were willful with reckless disregard to clearly defined FLSA

provisions.

67. Defendants' actions were not in good faith.

68. The unpaid training, travel, meetings, and overtime claims of Plaintiff and Class Members are unified through common theories of Defendants' FLSA violations.

69. Defendants failed to keep accurate time and pay records of Plaintiff and Class Members as required by the FLSA.

70. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and Class Members have suffered and will continue to suffer a loss of income and other damages.

71. Defendants are liable to Plaintiff and Class Members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

## COUNT II
**(Violation of the Fair Labor Standards Act – Individual Minimum Wage Claim)**

72. The forgoing paragraphs are incorporated by reference as if fully stated herein.

73. At all relative times, Named Plaintiff has been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

74. At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Named Plaintiff has engaged in interstate commerce during all times material to this action.

75. At all relevant times, Named Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

76. Through their actions, policies, practices, and plans, Defendants violated the FLSA by failing to compensate Named Plaintiff for *any hours* worked during Named Plaintiff's employment with Defendants. This constitutes wage theft in its clearest form.

77. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

78. Defendants' actions were not in good faith.

79. As a direct and proximate cause of Defendants' unlawful conduct, Named Plaintiff has suffered and will continue to suffer a loss of income and other damages.

80. Therefore, Defendants are liable to Named Plaintiff for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 201, *et seq.*, as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members request the Court to enter judgment in their favor on this Complaint and:

(a) Award Plaintiff and class members FLSA statutory damages against Defendants;

(b) Award Plaintiff and Class Members all unpaid training time, travel time, meetings time, and overtime compensation against Defendants;

(c) Find and declare Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

(d) Award Plaintiff and Class Members liquidated damages in accordance with the FLSA;

(e) Award prejudgment interest to Plaintiff and Class Members (to the extent that liquidated damages are not awarded);

(f) Award minimum wage for Named Plaintiff McKee's employment with Defendants;

(g) Award Plaintiff and Class Members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

(h) Award post-judgment interest and court costs to Plaintiff and Class Members as allowed

by law;

(i) Enter an Order designating this action as an opt-in collective action under the FLSA;

(j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

(k) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

(l) Provide additional general and equitable relief to which Plaintiff and Class Members may be entitled; and

(m) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: June 9, 2021.         Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*