IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CALEB MCKEE, individually and on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CABLE TECHNOLOGY COMMUNICATIONS, LLC, and THANH NGUYEN, <br><br> Defendants. | Case No. 2:21-cv-02385-JPM-atc |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FLSA CONDITIONAL CERTIFICATION**

Before the Court is Plaintiff Caleb McKee's ("Mr. McKee") Motion for FLSA Conditional Certification and Memorandum in Support, filed on February 18, 2022. (ECF Nos. 26, 26-1.) Defendants Cable Technology Communications, LLC ("CTC") and Thanh Nguyen ("Mr. Nguyen") filed a Response in Opposition on May 31, 2022. (ECF No. 33.) Plaintiff filed a Reply on June 14, 2022. (ECF No. 35.) For the reasons discussed below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff moves the Court to issue an order:

(1) authorizing Plaintiff's claims to proceed as a FLSA collective action on behalf of Plaintiff and the putative class for overtime pay violations; (2) directing Defendants to immediately provide Plaintiff's counsel a computer-readable file containing the names (last names first), last known physical addresses, last known email addresses, social security numbers, dates of employment and last known telephone numbers of all the putative class members; (3) providing that Court-

>approved notice be enclosed with all of Defendants' currently employed putative class members' next regularly-scheduled paycheck/stub, and be mailed and emailed to the putative class so that they can timely assert their claims; (4) tolling the statute of limitations for the putative class as of the date this Motion is fully briefed; and (5) requiring that the Opt-in Plaintiffs' Consent to Join Forms be deemed "filed" on the date they are postmarked.

(ECF No. 26 at PageID 121–22.)

## I.   CONDITIONAL CLASS CERTIFICATION

Plaintiff contends that "[c]onditional certification is warranted because Mr. McKee has demonstrated that he and others employed by Defendants are similarly situated because their claims are 'unified by common theories of defendants' statutory violations.'" (ECF No. 26-1 at PageID 133.) (quoting Hodges v. Pac. Bells, LLC, No. 2:17-cv-02564-SHL-dkv, 2018 WL 6574793, at *2 (W.D. Tenn. Sept. 30, 2018).) Plaintiff contends that "Mr. McKee has demonstrated that he and the putative class all were required [to] work well over forty (40) hours per week without overtime compensation" and that he "has provided his *first-hand knowledge* of this fact." (Id. at PageID 134.) Plaintiff contends that such "allegations are all that is required to warrant collective action treatment." (Id.) (citing Adams v. Wenco Ashland, Inc., No. 1:19CV1544, 2020 WL 2615514, at *4 (N.D. Ohio May 22, 2020).)

In response, Defendants contend that "Plaintiff's declaration only provides conclusory allegations and no factual support as to why he believes other technicians were never compensated for overtime, travel time, and mandatory meetings." (ECF No. 33 at PageID 218.) (citing McKee Decl., ECF No. 26-2 ¶¶ 7, 14–16.) Defendants contend that "Plaintiff's unsupported assertions in his declaration are insufficient to meet Plaintiff's burden and do not justify a conditional certification of a collective action." (Id.) In the event that the Court does allow conditional certification, Defendants contend that the class "should be limited to wire technicians who worked for Defendants in Tennessee." (Id. at PageID 219.) Defendants

2

contend that "Plaintiff's lack of support and vague assertions do not support sending notice to a company-wide class." (Id.)  Defendants also contend that "this Court lacks personal jurisdiction over the potential claims brought by out-of-state opt-in plaintiffs." (Id.) (citing Canaday v. Anthem Cos., Inc., 9 F.4th 392, 397 (6th Cir. 2021).)[1]

In reply, Plaintiff contends that he "submitted his declaration detailing the type of work he, and others, were required to perform by Defendants and their management all without overtime pay" and that, "[a]t this stage, all Plaintiff must point to is evidence that such a company-wide policy *may* have existed in order to gain conditional certification and further discovery." (ECF No. 35 at PageID 236.)  (citing Brodzenski v. Stonemor Partners, L.P., No. 1:14-cv-2517, 2015 WL 3442323, at *2 (N.D. Ohio May 28, 2015).)  Plaintiff contends that "[a]ll that is required for a finding of similarly situated is a common discriminatory policy applied to employees." (Id. at PageID 237.) (citing Abrams v. Gen. Elec. Co., No. 95-CV-1734 (FJS), 1996 WL 663889, at *2 (N.D.N.Y. Nov. 4, 1996).)  Plaintiff contends that because "factual questions must be resolved in Plaintiff's favor, conditional certification must be granted."  (Id. at PageID 238.) (citing Monroe v. FTS, U.S.A., LLC, 257 F.R.D. 634 (W.D. Tenn. 2009); Burdine v. Covidien, Inc., No. 1:10-CV-194, 2011 WL 2976929 (E.D. Tenn. June 22, 2011).)

To receive conditional certification, a plaintiff must demonstrate that he and the other putative class members are "similarly situated." 29 U.S.C. § 216(b).  "Plaintiffs who suffer from a single, FLSA-violating policy or whose claims are 'unified by common theories of defendants' statutory violations' are similarly situated." Hodges, 2018 WL 6574793, at * 2

---

[1] Defendants also make an argument regarding numerosity under Fed. R. Civ. P. 23, which is irrelevant to FLSA Conditional Certification.  See Canaday, 9 F.4th at 403 ("Rule 23 requires plaintiffs to establish numerosity, commonality, typicality, and adequacy of representation. . . . Plaintiffs in an FLSA collective action need only show that their employment makes them similarly situated to one another.").

(quoting O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 585 (6th Cir. 2009)). "Conditional certification is not the time to strictly evaluate the factual differences and details of the purported class members." Id. Conditional certification uses a "lenient standard" and "need only be based on a modest factual showing." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 547 (6th Cir. 2006).

Here, Plaintiff has set forth the required "modest factual showing" that he and others employed as "wire technicians, commercial cable installers, cable technicians, and cable construction persons" were all misclassified as independent contractors and not compensated for overtime, including time spent traveling between work sites and mandatory work meetings. (See McKee Decl., ECF No. 26-2 ¶¶ 3–16.) As pointed out by Defendants, however, because this Court lacks personal jurisdiction over claims brought by out-of-state opt-in plaintiffs, conditional certification is only granted for opt-in plaintiffs who worked for Defendants in Tennessee. See Canaday, 9 F.4th at 397 ("Where, as here, nonresident plaintiffs opt into a putative collective action under the FLSA, a court may not exercise specific personal jurisdiction over claims unrelated to the defendant's conduct in the forum State.") As a result, Plaintiff's Motion is **GRANTED** as to conditional certification for opt-in plaintiffs that were employed in Tennessee and **DENIED** for opt-in plaintiffs that were not employed in Tennessee.

## II.     NOTICE AND CONSENT FORMS

Plaintiff contends that his "proposal for Court-approved Notice and Consent forms to the potential opt-ins is 'timely, accurate, and informative' as required." (ECF No. 26-1 at PageID 135.) (quoting Hoffman-LaRoche v. Sperling, 493 U.S. 165, 172 (1989).) "Plaintiff proposes that the Notice and Consent forms be emailed and mailed by counsel for Plaintiff[] to all putative class members." (Id.) (citing Butler v. DirectSAT USA, LLC, 876 F. Supp. 2d 560,

4

575 (D. Md. 2012).)  Plaintiff contends that in order to timely notify all putative class members, "Defendants should therefore be ordered to produce the last known physical addresses, last known email addresses, dates of employment, social security numbers and last known telephone numbers of all putative class members."  (Id. at PageID 137.)

Defendants contend, however, that "Plaintiff's Proposed Notice may provide unclear or misleading information to its recipients, depending on the Court's ruling."  (ECF No. 33 at PageID 222.)  Defendants also contend that "Plaintiff has not provided any justification for the request to include the notice with current employees' paycheck/stub or for it to be emailed to the putative class," and that "[s]ending notice in the next paycheck of all employees is premature."  (Id.) (citing Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 765 (W.D. Tenn. 2011).)  Defendants further contend that "Plaintiff's request for social security numbers, [] email addresses, and telephone numbers should be denied because there is no legitimate reason to disclose this information, as this information is not needed to contact putative class members by U.S. mail."  (Id. at PageID 221.)

In reply, Plaintiff contends that "the proposed notice is consistent in form and content to notice forms approved in other conditionally certified action[s] within this District and should be approved," but that "if this Court disagrees, Plaintiff is amenable to submitting a mutually agreeable, joint notice within ten (10) business days of the Court's Order approving conditional certification."  (ECF No. 35 at PageID 239.)

The Court agrees with Defendants that the current notice submitted by Plaintiff is too broad in that it is addressed to all current and former employees and thus would include potential plaintiffs that worked outside of Tennessee.  Thus, the Court orders the Parties to file a Joint Proposed Notice and Consent form within ten days of the filing of this Order.  Further,

5

Defendants are directed to disclose last known physical and email addresses and dates of employment for current and former employees, but they do not need to disclose any additional personal information, as this should be sufficient to provide adequate notice to the putative class members.

### III.   TOLLING

"Plaintiff also requests that the statute of limitations be tolled as of the date this motion is fully briefed, so that prospective class members will not have their claims expire during the notice mailing." (ECF No. 26-1 at PageID 136.)  Defendants, in response, contend that tolling relief "should only be granted sparingly," and that "the only reason Plaintiff provides for tolling the statute of limitations is to prevent the expiration of putative plaintiffs' claims during the notice mailing." (ECF No. 33 at PageID 223.)  At this time, the Court finds it premature to toll the statute of limitations and **DENIES WITHOUT PREJUDICE** this portion of Plaintiff's Motion.

### IV.   CONCLUSION

Plaintiff's Motion for Conditional Certification is **GRANTED** for former and current employees of Defendants that worked in Tennessee and the Parties are to submit a Joint Proposed Notice and Consent form by July 15, 2022.  Plaintiff's Motion is **DENIED** as to tolling the statute of limitations at this time.

**SO ORDERED**, this 1st day of July, 2022.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE