## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement" or "Release") is made between Caleb McKee, Gilbert Young, and Brandon Hayes (collectively "Plaintiffs"), on the one hand, and Cable Technology Communications, LLC and Thanh Nguyen (collectively "Defendants") on the other hand. Each of the foregoing may be referred to herein as a "Party" or "Parties."

## RECITALS

WHEREAS, Plaintiff Caleb McKee asserted various claims in a suit against Defendants, individually and on behalf of all others similarly situated individuals, in the United States District Court, Western District of Tennessee, styled *Caleb McKee, individually, and on behalf of himself and others similarly situated, v. Cable Technology Communications, LLC and Thanh Nguyen*, Case No. 2:21-cv-02385 (the "Action");

WHEREAS, Defendants deny, and continue to deny, any wrongdoing or liability in connection with the claims asserted in the Action;

WHEREAS, after granting Plaintiffs' Motion for Conditional Certification of a class of individuals regarding their claims under the Fair Labor Standards Act ("FLSA"), the Court permitted Gilbert Young and Brandon Hayes to join this Action as individually named Plaintiffs;

WHEREAS, Plaintiffs Gilbert Young and Brandon Hayes joined this action as party-Plaintiffs;

WHEREAS, Plaintiffs and Defendants desire to resolve all matters as between them related to any claim for unpaid wages, including overtime.

NOW, THEREFORE, in consideration of the premises and mutual promises herein, the Parties agree as follows:

## AGREEMENT

**1. Liability.** It is expressly acknowledged that entry into this Agreement and the consideration provided for in this Agreement represent the good faith compromise of disputed claims; that the execution of this Agreement and the consideration provided for are not an admission of liability, culpability or responsibility on the part of the parties for violation of any law.

**2. Consideration.** As consideration for signing this Settlement Agreement and in compliance with the promises made herein, and in full and complete settlement of each Plaintiff's claims, Defendants agree to pay to Plaintiffs the, gross settlement sum of TWENTY THOUSAND FIVE HUNDRED DOLLARS ($20,500.00) ("Settlement Payment"). The Settlement Payment shall be divided as follows:

(i) to Caleb McKee:

    a. One check in the amount of $4,000.00, less all lawful deductions for income and payroll taxes, for wage-based damages.

(ii) to Gilbert Young:

    a. One check in the amount of $1,000.00, less all lawful deductions for income and payroll taxes, for wage-based damages.

(iii) to Brandon Hayes:

    a. One check in the amount of $1,000.00, less all lawful deductions for income and payroll taxes, for wage-based damages.

(iv) to Jackson Shields Yeiser Holt Owen Bryant:

    a. One check in the amount of $14,500.00 for attorney's fees and expenses.

Defendants shall pay the Settlement Payment no later than thirty (30) calendar days after receipt of (1) a fully-executed copy of this Settlement Agreement and (2) executed IRS form W-9s from Plaintiffs and Plaintiff's counsel. The Settlement Payments above shall be made payable to each of the aforementioned Plaintiffs in accordance with the above and shall be sent to: Russ Bryant, Jackson Shields Yeiser Holt Owen Bryant, 262 German Oak Drive, Memphis, Tennessee 38018.

**3.   Hold Harmless and Tax Reporting.** IRS forms 1099 will be issued to Plaintiffs and Plaintiffs' counsel, for the non-wage based damages and attorneys' fees paid pursuant to Paragraph 2 above and IRS forms W-2 for the wage-based damages in Paragraph 2 above. Plaintiffs understand and expressly agree that they shall be liable for the payment of all federal, state, and local taxes that may be determined to be due as a result of any consideration or non-wage based payment made pursuant to Paragraph 2 of this Settlement Agreement. Plaintiffs acknowledge that neither Defendants or any of the Released Parties (defined below in Paragraph 7), nor any of their representatives, agents, or attorneys, has made any promises, representations or warranties, express or implied, regarding the tax consequences of any consideration paid to Plaintiffs pursuant to this Settlement Agreement. Plaintiffs further agree that to the extent that any federal or state taxes of any kind may be due or payable as a result of the payment to them referred to above, Plaintiffs will be responsible for the payment of such taxes and will hold Defendants harmless in the event of any claim against them for payment of income or the employee's share of payroll taxes.

**4.   No Consideration Absent Execution of this Agreement and Release.** Plaintiffs understand and agree that they would not receive the monies and other consideration specified in this Settlement Agreement, except for their execution of this Settlement Agreement and the fulfillment of the promises contained herein.

**5.   Approval of Settlement.** This Agreement is subject to receiving approval by the Court.

**6.   Dismissal of Lawsuit.** Within seven (7) days after the Parties have executed this Settlement Agreement and the Settlement Payment has been tendered, Plaintiffs agree to take any

additional action necessary to dismiss or cause to be dismissed with prejudice the Action currently pending in the Western District of Tennessee, styled *Caleb McKee, individually, and on behalf of himself and others similarly situated, v. Cable Technology Communications, LLC and Thanh Nguyen,* Case No. 2:21-cv-02385.

**7.    Release of Claims by Plaintiffs.** Plaintiffs knowingly and voluntarily completely release and forever discharge all claims each may have against Defendants, or their owners, members, directors, officers, employees, insurers, agents, attorneys and assigns ("Released Parties") that were brought or could have been brought under the Fair Labor Standards Act ("FLSA") or otherwise related to the payment of wages, minimum wages, or overtime. Plaintiffs hereby forever settle, release, compromise, reach accord and satisfaction, waive, discharge, and acquit the Released Parties on each and every claim under those aforementioned statutes which exists as of the effective date of this Settlement Agreement, whether known or unknown, through the date Plaintiffs sign this Settlement Agreement (collectively, all of the released claims are referred to as "Claims").

Plaintiffs affirm that as of the date Plaintiffs sign this Settlement Agreement, Plaintiffs are not Medicare eligible (*i.e.*, not 65 years of age or older; not suffering from end-stage renal failure; have not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (the "CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiffs under this Settlement Agreement, Plaintiffs agree to indemnify, defend, and hold the Defendants harmless from any action by the CMS relating to medical expenses of Plaintiffs. Plaintiffs agree to reasonably cooperate with the Defendants upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim the CMS may make and for which Plaintiffs are required to indemnify the Defendants under this Section. Further, Plaintiffs agree to waive any and all future actions against the Defendants for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

**8.    No Reinstatement and No Future Application for Employment.** Plaintiffs who are not currently employed by Defendants specifically agree to waive any right of reinstatement. Plaintiffs who are not currently employed by Defendants agree that they shall not apply in the future for employment with Defendants. In the event that any of these Plaintiffs does apply, Defendants may disregard any such application.

**9.    Knowing and Voluntary Agreement.** Plaintiffs expressly acknowledge that they were represented by counsel well qualified and experienced in prosecuting wage and hour claims at all times from the first demand to Defendants for unpaid overtime through the consummation of this compromise of their claims. They agree that this is a compromise of a good faith dispute over the amount (if any) of overtime hours worked or pay owed and that it is reached only after protracted, arm's length negotiations between capable and experienced counsel for the parties. They agree they were allowed a reasonable amount of time to consider the terms of this Agreement, that they have read and understood this Agreement and knowingly and voluntarily enter into this Release, and further promise that they will not challenge the validity of this Release.

**10. Amendment.** This Settlement Agreement may not be modified, altered or changed except upon express written consent of all Parties wherein specific reference is made to this Settlement Agreement.

**11. Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to sign this Settlement Agreement, except for those set forth in this Settlement Agreement.

**12. Binding Effect.** This Settlement Agreement is binding upon and inures to the benefit of the Parties and their respective heirs, executors, administrators, representatives, successors in interest and assigns.

**13. No Assignment.** Each Party warrants and represents that it has not assigned or transferred to any other person any of the Released Claims. Each Party further represents that it will not seek to assign or otherwise transfer the Released Claims to any other person.

**14. Advice of Counsel.** Each Party represents that it has been represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Settlement Agreement and that it has executed this Settlement Agreement with the consent and upon the advice of such counsel, or that it has had the opportunity to seek such consent and advice. Each Party acknowledges that it has read this Settlement Agreement and assents to all the terms and conditions contained in this Settlement Agreement without any reservations and that it has had, or has had the opportunity to have had, the same explained to it by its own counsel, who have answered any and all questions which have been asked of them, or which could have been asked of them, with regard to the meaning of any of the provisions of this Settlement Agreement. The Parties state that they are fully competent to manage their business affairs, that they fully understand this Settlement Agreement's final and binding effect, that the only promises made to them to sign this Settlement Agreement are those stated and contained in this Settlement Agreement, and that they are signing this Settlement Agreement knowingly and voluntarily.

**15. Severability.** The Parties agree that should any provision in this Settlement Agreement be determined to be unenforceable, such finding shall not affect the enforceability of the remaining provisions of this Settlement Agreement.

**16. Drafting.** Each of the Parties, through its/his/her respective legal counsel, has participated in the drafting and negotiation of this Settlement Agreement, and for all purposes, therefore, this Settlement Agreement shall be deemed to have been drafted jointly by the parties.

**17. Counterparts.** This Agreement may be executed and delivered by one or more of the Parties electronically. If this Settlement Agreement is executed in counterparts, each counterpart shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on all of the Parties hereto, notwithstanding that all of the Parties are not signatories to the same counterpart.

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below.

Executed June 7, 2023

**CALEB MCKEE**, on behalf of himself, individually and on behalf of opt-in plaintiffs

_/s/ Caleb McKee_